# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE GONZALEZ,<br>      **Plaintiff,** | :<br>:<br>: |
| v. | :    **CIVIL ACTION NO. 18-CV-2723**<br>: |
| WELLS FARGO,<br>      **Defendant.** | :<br>: |

## MEMORANDUM

**PRATTER, J.**                                                                                                    **JULY 16, 2018**

Plaintiff Diane Gonzalez filed a Motion to Proceed *In Forma Pauperis* and a Complaint against Wells Fargo. For the following reasons, the Court will grant Ms. Gonzalez leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice to her filing an amended complaint.

## I. FACTS

Ms. Gonzalez alleges that "on June 2008 Wells Fargo NA converted the estate [of] Diane Gonzalez into a sucurity [sic] and faided [sic] to pay dividends bact [sic] to the estate Diane Gonzalez which originated the note. 189,000.00." (Compl. at 3.)[1] She adds that "Wells Fargo NA did not originate the note worth 189,000.00" and that the note "was paid out of the estate of Diane Gonzalez evodent [sic] by the banking records and stock markets securities issued without compensation." (*Id.*) Ms. Gonzalez also contends that Wells Fargo "unlawfully repurchased" the note on April 19, 2018 for one dollar without her consent. (*Id.*)

Ms. Gonzalez used the Court's form complaint for a *pro se* litigant filing a civil action and indicated, by checking the proper location on the form Complaint, that she is invoking the

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

1

Court's diversity jurisdiction. She also alleges that the National Banking Act of 1863 does not authorize banks to convert securities "of another on a note stemp [sic] from the estate itself" and that Wells Fargo "owes the obviblagation [sic] of turmanation [sic] deed issued in its name." (*Id.*) Ms. Gonzalez claims that her credit was injured by Wells Fargo's actions and that her name was slandered. She asks the Court to terminate the "morgage [sic] contract agreement and permitly [sic] remove their name from 540 N. Sandy Hill Rd Coateville [sic] PA 19320 under the 5th Amendment." (*Id.* at 4.) That address is where Ms. Gonzalez appears to reside.

Ms. Gonzalez attached to her Complaint a document titled "writ of peremptory mandamus MISC APPLICATION EMERGENCY APPLICATION UNDER TITLE 28 USCA FRCP 21." (*Id.* at 6.) The document bears a 2013 case number that appears to reference a case in state court. The document also references an allegedly unlawful Sheriff's sale that occurred on April 19, 2018, and contends that "UNDER FEDERAL CONSUMER LAWS THE SHERIFF SALE SCHEDULED APRIL 19TH 2018 IN CHESTER COUNTY MUST BE SET ASIDE OPENED OR REVERSED UNDER FRCP 60." (*Id.* at 7.)

## II. STANDARD OF REVIEW

Ms. Gonzalez is granted leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. As Ms. Gonzalez is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. That provision require the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, the Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As

2

Gonzalez is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Additionally, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

Ms. Gonzalez's Complaint does not comply with Rule 8(a) or state a claim as pled because she has not set forth a clear explanation of the facts giving rise to her claims against Wells Fargo. All the Court can discern from her pleading is that her claims likely relate to a mortgage on property in Coatesville. However, it is not clear what happened with that mortgage, whether Ms. Gonzalez is a party to that mortgage, how the "estate" referenced in the Complaint plays any role, and what actions Wells Fargo took with regard to the property, the mortgage, or Ms. Gonzalez so as to render Wells Fargo liable. Furthermore, if the conduct in question took place a decade ago in June of 2008, there is a possibility that the claims Ms. Gonzalez may be trying to raise are time-barred.

Furthermore, this Court lacks jurisdiction to vacate a state court judgment. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman*

doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Accordingly, this Court is without authority to vacate any adverse state court orders that may have authorized a sale of the property in question.

## IV. CONCLUSION

Although the Court will dismiss the Complaint for the reasons above, Ms. Gonzalez will be given leave to file an amended complaint in the event she can state a timely claim within the Court's jurisdiction. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER, J.