IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
SEP 07 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

DIANE GONZALEZ,
    Plaintiff,

v.    :    CIVIL ACTION NO. 18-CV-2723

WELLS FARGO, *et al.*,
    Defendants.

### MEMORANDUM

**PRATTER, J.**                                                                           SEPTEMBER 7, 2018

Plaintiff Diane Gonzalez initiated this civil action by filing a Motion to Proceed *In Forma Pauperis* and a Complaint against Wells Fargo. In a Memorandum and Order entered on the docket July 17, 2018, the Court granted Ms. Gonzalez leave to proceed *in forma pauperis* and dismissed her Complaint without prejudice to her filing an amended complaint. (ECF No. 4 & 5.) Ms. Gonzalez responded by submitting 58 pages of exhibits, rather than an amended complaint. (ECF No. 6.) In an August 8, 2018 Order, the Court instructed Ms. Gonzalez that letters and exhibits do not constitute a pleading, and afforded her additional time to file an amended complaint. (ECF No. 7.) Ms. Gonzalez subsequently filed an Amended Complaint against Wells Fargo NA Home Mortgage, Afoidita Hotic (Executive Resolutions Specialist), and "Gabrel" (ID #7N3 Reentry Team), also identified as Gabriel or Gabrial. (ECF No. 8.) For the following reasons, the Court will dismiss Ms. Gonzalez's Amended Complaint.

### I.    FACTS AND PROCEDURAL HISTORY

In her initial Complaint, Ms. Gonzalez alleged that "on June 2008 Wells Fargo NA converted the estate [of] Diane Gonzalez into a sucurity [sic] and faided [sic] to pay dividens

1

9/7/18
CC: D. Gonzalez

bact [sic] to the estate Diane Gonzalez which originated the note. 189,000.00." (Compl. at 3.)[1]
She added that "Wells Fargo NA did not originate the note worth 189,000.00" and that the note "was paid out of the estate of Diane Gonzalez evodent [sic] by the banking records and stock markets securities issued without compensation." (*Id.*) Ms. Gonzalez also contended that Wells Fargo "unlawfully repurchased" the note on April 19, 2018 for one dollar without her consent. (*Id.*)

Ms. Gonzalez used the Court's form complaint for a *pro se* litigant filing a civil action and, by checking the proper location on the form Complaint, showed that she intended to invoke the Court's diversity jurisdiction. She also alleged that the National Banking Act of 1863 does not authorize banks to convert securities "of another on a note stemp [sic] from the estate itself" and that Wells Fargo "owes the obviblagation [sic] of turmanation [sic] deed issued in its name." (*Id.*) Ms. Gonzalez claimed that her credit was injured by Wells Fargo's actions and that her name was slandered. For relief she asked the Court to terminate the "morgage [sic] contract agreement and permitly [sic] remove their name from 540 N. Sandy Hill Rd Coateville [sic] PA 19320 under the 5th Amendment." (*Id.* at 4.) That address is where Ms. Gonzalez appears to reside.

Ms. Gonzalez attached to her Complaint a document titled "writ of peremptory mandamus MISC APPLICATION EMERGENCY APPLICATION UNDER TITLE 28 USCA FRCP 21." (*Id.* at 6.) The document bears a 2013 case number that appears to reference a state court case. The document also references an allegedly unlawful sheriff's sale that occurred on April 19, 2018, and contends that "UNDER FEDERAL CONSUMER LAWS THE SHERIFF

---

[1] The Court adopts the pagination assigned to Ms. Gonzalez's pleadings by the CM-ECF docketing system.

SALE SCHEDULED APRIL 19TH 2018 IN CHESTER COUNTY MUST BE SET ASIDE OPENED OR REVERSED UNDER FRCP 60." (*Id.* at 7.)

In its prior Memorandum, the Court explained that the initial Complaint failed to comply with Federal Rule of Civil Procedure 8 and failed to state a claim. The Court explained that, although it appeared Ms. Gonzalez's claims related to a mortgage on property in Coatesville, it was not clear what happened with that mortgage, whether Ms. Gonzalez was a party to that mortgage, how the "estate" referenced in the Complaint played any role, and what actions Wells Fargo took with regard to the property, the mortgage, or Ms. Gonzalez so as to render Wells Fargo liable. The Court also warned that there was a possibility some or all of the claims were time-barred. Furthermore, the Court explained that it lacked jurisdiction pursuant to the *Rooker-Feldman* doctrine to vacate any adverse state court judgments that may have authorized the sale of the property in question.

In her Amended Complaint, Ms. Gonzalez indicates that she is invoking this Court's federal question jurisdiction, and alleges that Wells Fargo failed "to follow banking laws for home mortgages." (Am. Compl. at 2.) She indicates that the events giving rise to her claims occurred from May of 2008 through November of 2018 (presumably an error as that date has not occurred yet), "and still going." (*Id.*) Ms. Gonzalez's primary complaint appears to be that Wells Fargo has been "unprofessional in every aspect of this case." (*Id.* at 6.)

More specifically, Ms. Gonzalez alleges that her loan approval "was expired before closing," that her "[d]eed was signed 22 days before closing," and that Wells Fargo "illegally" foreclosed on her home even though she had been working with them for five years "for modification." (*Id.*) Gonzalez alleges that "Gabried ID# 7 N3" told her that "Wells Fargo NA would not help [her] unless [she] had 75,000.00 dollars." (*Id.* at 3.)

3

Ms. Gonzalez filed twice for bankruptcy and her home was ultimately sold on April 19, 2018 at a sheriff's sale, though she also has paperwork that she alleges shows the purchase date to be May 25, 2018. Ms. Gonzalez alleges that she contacted Pennsylvania Governor Wolf, who, she says, initiated an investigation. The Amended Complaint reflects that Afiodita Hotic performed the investigation, and that it took over two months. Ms. Gonzalez alleges that Ms. Hotic sent results of the investigation to her bankruptcy lawyer instead of her.

According to the Amended Complaint, Ms. Gonzalez's "[l]oan account was closed [on] June 7, 2017," which was before the investigation started. (*Id.* at 6.) Ms. Gonzalez therefore alleges that she "feel[s] that they were not going to find anything to help [her] since the account was closed." (*Id.*) She also alleges that people have been coming to her home, taking pictures, asking who she is, and "disrespecting" her son, and that two companies have sent her eviction notices. (*Id.*) She also alleges that her credit report shows that she paid off her loan.

Ms. Gonzalez alleges that she has suffered from stress and anxiety. She seeks an apology from Wells Fargo and an admission that Wells Fargo acted unprofessionally. Ms. Gonzalez also seeks compensation for repairs to her home, damages for the effect on her "health" and "wellbeing," and damages related to the health and well-being of her children and grandchildren. (*Id.* at 4.) She also seeks "full ownership of the property and all the structures on the property." (*Id.*)

## II.  STANDARD OF REVIEW

Ms. Gonzalez is proceeding *in forma pauperis*, and, thus, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. That provision requires the Court to dismiss the Amended Complaint if it fails to state a claim. To survive dismissal, the Amended Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[ ] do not suffice." *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Also, because Ms. Gonzalez is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

#### A. Claims Brought on Others' Behalf

While not completely clear, it does appear that Ms. Gonzalez may be attempting to assert claims on behalf of her children and grandchildren for harm she says they suffered related to the situation with the house. Ms. Gonzalez, however, lacks standing to pursue claims on behalf of others and, even if her family members were parties to this case, Ms. Gonzalez would not be able to represent them because a non-attorney proceeding *pro se* may not represent others in federal court. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a pro se litigant who is not an attorney may not pursue claims on behalf of anyone other than himself). Therefore, the Court will dismiss without prejudice any claims raised on behalf of individuals other than Ms. Gonzalez herself.

#### B. *Rooker-Feldman* Doctrine

This Court lacks jurisdiction to review and/or vacate judgments entered by the state court. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox*

*Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Ms. Gonzalez is, at least in part, asking this Court to review and vacate unfavorable judgments entered against her related to the foreclosure on and sale of her home. This Court lacks jurisdiction to review those claims.

### C. Failure to State a Claim

Ms. Gonzalez has again failed to state a claim because nothing in her allegations supports a plausible violation of federal law. Ms. Gonzalez is upset about losing her home and her pleading recounts that she has been through emotional turmoil over the past several years in her efforts to keep her home. However, she has not articulated a plausible basis for a claim against any of the Defendants. Even if Wells Fargo could have treated her differently, her allegations do not equate to a claim.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Ms. Gonzalez's Amended Complaint. Because Ms. Gonzalez has been given prior opportunities to amend and has not yet alleged anything that gives rise to a recognized basis for a claim, the Court concludes that further attempts to amend would be futile. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER, J.